WARNER, J.,
concurring in part and dissenting'in part.
I disagree with the majority that the trial court did not err in failing to consider the extensive fact-finding that it made in the order of temporary support four months prior to the final hearing. Where the court has conducted a full hearing on a temporary support order and made detailed findings of fact, these become part of the record before the court in making the court’s final determination regarding child support. For instance, in Winder v. Winder, 152 So.3d 836 (Fla. 1st DCA 2014), at the final hearing, the trial court adopted its findings from a temporary support order, which, while not sufficient to support the alimony awarded, was not rejected by the appellate court as inadmissible. Indeed, the “court record” is defined in Florida-Rule of Judicial Administration 2.420(b)(1)(A) as the “contents- of the court file[J”
The father clearly maintained in the proceedings that the court should look to its prior findings, and he argued that 'no change had occurred since those findings were made. In fact, the temporary support order itself States, “The Court notes that this order is temporary in nature and that the Court may readdress any issues related to deviation at the final hearing.” (Emphasis added). This language does not suggest a hearing de novo on the issue, but that the trial 'court would consider additional evidence on the subject.
Considering findings made in a prior proceeding in the case does not mean that the trial court is necessarily bound by such prior findings. But in my opinion the court failed to follow Finley v. Scott, 707 So.2d 1112 (Fla.1998), in evaluating whether a deviation was appropriate, because it refused to consider all of the record regarding the child and her needs, even though it recited much of that information from the temporary support order in the final judgment, including its specific findings as to the child’s expenses and reasonable living costs. By not considering these findings, the court then determined that the father had failed to meet his burden of showing that deviation was- appropriate. Had the court considered those findings, however, it could well have decided that the amount under .the child support guidelines (without deviation) was not appropriate under the facts and circumstances of this case. As noted in Finley, the award of child support in-a case such as this is not to benefit the mother but to benefit the child. Id. at 1117.[3] I would reverse and *1257 remand for the trial court to reconsider whether to deviate from the child support guidelines after evaluating the issue in light of the findings made in the order of temporary support. Because of this, I would also reverse the failure to include child care expenses. However, having rejected reliance oh the temporary support award, the majority is consistent in refusing to reverse to include child care expenses.
In all other respects, I agree with the majority opinion. ,

, In Finley, the mother was raising the child on a lower standard of living than would be established by the father. 707 So.2d at 1114-15. The court approved an award in-excess of the child’s basic needs with the mother, as part of the child's “good fortune” of being the child of a successful athlete. Id. at 1115 (quoting Miller v. Schou, 616 So.2d 436, 439 (Fla.1993)). However, the court ordered that the amount above what was needed for the child’s day-to-day expenses was to be paid into a legal guardianship for the child, so that the court could exercise judicial supervision *1257 and assure that the monies were being used for the child. Id. at 1118,